MORRIS COUNTY CIRCUIT COURT.

LEWIS C. VAN NEST v. ROBERT NAUMAN.

Before Mr. Justice PARKER.

For the plaintiff, *Lehlbach, Johnson & Ormond.*

For the defendant, *Fast & Fast.*

PARKER, J.   On May 12th, 1931, being the opening day of the current term, this motion was presented by counsel in the absence of Judge Lawrence and, for their convenience, I consented to hear and determine it.

The application is to stay proceedings on a recognizance of bail given by the defendant, Nauman, as surety for one Honixfeld, also in the Circuit Court.  For the plaintiff it is objected that the application comes too late because by section 77 of the Practice act of 1903 (*Comp. Stat., p.* 4075), the defendant must be rendered in discharge of his bail after judgment either within twenty days after the return day of

the *scire facias* against the bail or within twenty days after the return day of the process in an action on the recognizance of bail and not after, unless for good cause further time be granted by the court or a judge.

The dates are as follows: A judgment against Honixfeld was entered on March 4th, 1931; *capias ad salisfaciendum* issued March 21st, 1931, and was duly lodged with the sheriff, and on March 28th, after seven days (four days being necessary under the old rule) the sheriff returned the defendant not found. On March 30th summons was issued in the present action against the surety and served on the 31st. On April 13th, the defendant Honixfeld in the original suit, gave notice of appeal and on the same day served a notice on the plaintiff of an application to render the defendant in discharge of his bail, such application to be made to the Circuit Court on May 12th. This, it will be observed, is forty-three days after the issue of summons against the bail and forty-two days after it was served; and the plaintiff very properly invokes the twenty days' rule laid down in the statute.

The only difficulty in the case arises out of the fact that in 1912 the Practice act was changed by the abolition of return days in the process of summons, and the question therefore arises as to how the twenty days' rule is to be applied, the plaintiff claiming that the date when the summons is actually served should be considered as equivalent to the return day; and the defendant urging that because by the old English law an interval of at least fifteen days between the *teste* and return of a summons was required, that rule should now be applied, and if applied, it will be found that the application is still in time. Secondly, the defendant argues that it is the date of notice of the application and not of application itself that is to control, and as that notice was given within twenty days after the service of the summons, it is in time for that reason also.

I think both points are without legal merit. As to the notice being equivalent to the application, such a rule has no foundation in the practice and was expressly repudiated in

the *per curiam* of the Supreme Court in *Gallo* v. *Moffett,* 8
*N. J. Mis. R.* 39. I think it unnecessary to search the books
for other authorities.

With reference to the fifteen days' rule and on the assump-
tion that the critical date is the date of the actual application,
I fail to see how, even that rule if conceded, will save the
situation, because the sum of twenty days and fifteen days
is thirty-five and the actual interval, as already noted, is
forty-two days. I do not wish to be understood as concurring
in the fifteen days' rule. It is true that in 3 *Blk.* 275, it is
laid down that a writ should be made returnable at the dis-
tance of at least fifteen days from the date, that the defendant
may have time to come up to Westminster, even from the
most remote parts of the kingdom; and upon some day in one
of the four terms, in which the court sits for the dispatch of
business. The reason given for the fifteen days is that an
ordinary day's journey was considered to be twenty miles,
and three hundred miles was the limit of distance to be
covered by the defendant in attending court. These writs
were also made returnable to a definite term as indicated by
Blackstone, and such, as I understand it, was the practice
in this state until the legislature passed what is now section
46 of the Practice act of 1903, providing in part that courts
of law shall always, except on Sunday, be open for the return
of all process in civil actions, &c. As to the fifteen days'
rule the legislature modernized that by providing that where
service is made at the place of residence, it should be served
at least six days before its return, and if served on the defend-
ant in person, at least two days before return. Section 52.
Section 46, which was section 49 of the Practice act in the
Revision of 1877, did not cover the case of a municipal cor-
poration and this led the Supreme Court to hold that in the
case of a municipal corporation the only thing to do was
follow the fifteen days' common law rule as laid down on
page 107 of *Tidd's Practice.* This was the holding in *McNeal*
v. *Gloucester City,* 51 *N. J. L.* 445, and reiterated in *Cooper*
v. *Cape May Point,* 67 *Id.* 437. But with respect to individ-

uals, it is sufficient to quote the remarks of the late Mr. Justice Depue in *Logan* v. *Lawshe,* 62 *Id.* 567, in which he points out that the controlling factor in making a summons returnable was the length of time that was required to elapse between the service of the summons and the return day, and on page 570 he goes on to say : "The reason of this common law rule of practice having vanished, there is no ground upon which this court should be controlled by the dry husk of an obsolete precedent. The rule was superseded by the statutes which regulate the service and return of writs." These cases and the case of *McCracken* v. *Richardson,* 46 *Id.* 50, are the authorities cited in the footnote to Mr. Harris' book on New Jersey Practice and Procedure as authority for the general proposition that fifteen days is the proper legal interval between the *teste* and return of a summons. McCracken *v.* Richardson relates merely to the enlargement of the return day in case the sheriff is unable to make service at a proper interval before the original return day; the McNeal and Cooper cases, as is obvious from what has been said, have no application to the suit against an individual and Logan *v.* Lawshe is precisely to the contrary.

In the present case if the sheriff could make personal service the summons could with propriety have been made returnable within three days from its date; or if service had to be made at the place of abode, then seven days would cover the necessary interval between the date and.return. Whether either of these periods ought to be considered as the starting point of the running of the twenty days mentioned in section 77 of the Practice act, is not necessary to decide; for, as has been said, even if the fifteen days' rule were adopted, the application would be out of time.

The result is that the defendant is not entitled to a stay of the suit on the recognizance. The proviso of section 77 contains the additional clause "unless for good cause further time be granted by the court or a judge ;" and it is suggested that inasmuch as defendant's counsel considered, mistakenly as I have held, that the date of giving notice of the applica-

tion was equivalent to the application, this time ought to be extended. I am unwilling to deal with this phase of the situation, because both cases from their inception have been under the control of Judge Lawrence who is necessarily familiar with the details, and therefore I think it better for me to deal only with the question of law that has just been decided, and not interfere with his discretionary control of an extension of time if, indeed, the statute can be construed so as to permit of an extension being granted after the original time has expired.

The application for extension is denied with costs; but without prejudice to a similar application to Judge Lawrence based upon such discretionary powers as he may have under section 77 of the Practice act.